NOT FOR PUBLICATION                    MAR 01 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE LUIS REYES-NIETO,

Defendant - Appellant.

No. 10-50340

D.C. No. 3:09-cr-03769-IEG-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted February 17, 2011
Pasadena, California

Before: GOODWIN, KLEINFELD, and GRABER, Circuit Judges.

Jose Luis Reyes-Nieto challenges his conviction on one count of importation

of marijuana, 21 U.S.C. §§ 952 and 960, and one count of possession with the

intent to distribute, 21 U.S.C. § 841(a)(1).  Reyes-Nieto argues that the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

court erred by excluding most of the evidence that the woman who sold him his car had lied to Immigration and Customs Enforcement agents and had previously been convicted of lying to law enforcement officers. Reyes-Nieto contends that the district court's ruling deprived him of his right to present a complete defense.

At argument, the government clarified that it relied only on the propriety of the district court's evidentiary ruling, as opposed to a lack of prejudice. Consequently, we look only to the district court's ruling on the evidence.

The district court abused its discretion by excluding the evidence of what Vanessa Sanchez told federal agents on two occasions as hearsay and for risk of confusion outweighing probative significance. The evidence was not offered for the truth of what the woman had said, but to show that she gave inconsistent accounts and was probably lying. Her lying was not irrelevant or likely to cause confusion. In United States v. Vallejo, 237 F.3d 1008, 1022 (9th Cir. 2001), we held that the district court abused its discretion by excluding evidence of third party culpability under Rule 403 where there was a lack of direct evidence supporting the conviction. Likewise here, the government's case was largely

circumstantial, and the evidence that Sanchez had lied would have bolstered the defense case for third-party culpability. Since the government does not dispute prejudice, we assume it for purposes of decision.

REVERSED and REMANDED.